UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LARITA SPENCER, pro se,

                Plaintiff,

    v.

LAKE OSWEGO LITTLE LEAGUE, et al,

                Defendants.

No. CV-09-1024-MO

OPINION AND ORDER

**MOSMAN, J.,**

      Plaintiff LaRita Spencer, appearing pro se, sued the Lake Oswego Little League, Little League Baseball District 4, and Little League International alleging "Battery, Violation of Civil Rights, Harassment, Slander, Defamation of Character and Retaliation -Whistle Blower and the Defendant's are negligent" (Compl. (#2) 1.) This motion comes before the Court on defendants' Motion to Dismiss Pursuant to FRCP 12(b)(1), (4), (5) & (6) (#5.) When Ms. Spencer failed to respond to defendants' motion, the Court issued an Order to Show Cause (#8.) Ms. Spencer responded within the twenty-day period, representing that she had been "very sick with the flu" and asked for an additional ten days to file her response (#9). The Court vacated the Order to Show Cause and granted Ms. Spencer's request for an extension (#10). Ms. Spencer timely filed a response on November 23, 2009 (#12). After considering defendants' motion to dismiss and Ms. Spencer's response, I GRANT defendants' motion to dismiss for lack of subject matter

-1-

jurisdiction.

Unlike state courts, federal courts are courts of limited jurisdiction. This means that they must exercise only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For example, a federal court may exercise jurisdiction over an action where an action arises under federal law, or where there is diversity of citizenship between the parties and an amount in controversy over $75,000. 28 U.S.C. §§ 1331, 1332.

Here, the Court cannot exercise subject matter jurisdiction based on diversity of citizenship because complete diversity is not present. Like Ms. Spencer, defendants Lake Oswego Little League and Little League Baseball District 4 are citizens of the state of Oregon. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (explaining that "the presence . . . of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action").

Likewise, the Court cannot exercise subject matter jurisdiction under § 1331 because none of Ms. Spencer's claims arise under federal law. Ms. Spencer's complaint states claims for "Battery, Violation of Civil Rights,[1] Harassment, Slander, Defamation of Character and Retaliation-Whistleblower and the Defendant's [sic] are negligent." (Compl. (#2) 1.) Claims for battery, harassment, slander, defamation, and negligence all arise under state law. Ms. Spencer cannot state a federal civil rights claim under 42 U.S.C. § 1983, because none of the defendants acted under color of state law. Likewise, Ms. Spencer is not eligible for whistleblower protection because she was not employed by any of the defendants in any capacity. *See, e.g.*, 31 U.S.C. §

---

[1] Based on the allegations contained in the Complaint, the Court assumes that Ms. Spencer intends to assert a claim under 42 U.S.C. § 1983.

3730(h)(1) (providing whistleblower protection for employees who report violations of the False Claims Act); 5 U.S.C. § 2302(b)(8) (forbidding the government from taking "personnel action" because an employee has engaged in certain protected activities).

After analyzing the facts alleged in Ms. Spencer's complaint, the Court can discern no statutory basis for exercising jurisdiction over this action. Therefore, Ms. Spencer's claims must be dismissed.

IT IS SO ORDERED.

DATED this  1st  day of December, 2009.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court